# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4312

_____

Cozetta A. Dobson,                           *
                                             *
    Plaintiff - Appellant,                   *
                                             * Appeal from the United States
v.                                           * District Court for the Eastern
                                             * District of Arkansas.
Arkansas Department of Education,            *
                                             * [UNPUBLISHED]
    Defendant - Appellee.                    *

_____

Submitted: May 18, 2006
Filed: August 29, 2006

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Cozetta Ausler Dobson appeals from the entry of summary judgment in favor of the Arkansas Department of Education on her claims for retaliation under 42 U.S.C. § 2000e-2, et seq. She argues that she can establish a prima facie case on the elements of adverse job action and causation, and that the district court erroneously applied Rule 56 of the Federal Rules of Civil Procedure. We affirm the judgment of the district court.

Dobson, a secretary for the Department, initially filed suit against it in 2001 alleging racial discrimination. A jury trial was held and resulted in the district court granting judgment as a matter of law in favor of the defendant. Dobson's retaliation

claim now before us stems from actions taken by the Department at various times after the trial. She alleges that she was disciplined, not paid money owed to her, and assigned diminished job duties in retaliation for filing the discrimination suit against the Department.

On November 6, 2003, the day after trial on her discrimination suit, she was given a disciplinary memorandum by her supervisor, Dorothy Reynolds, citing numerous incidents of insubordination and inappropriate behavior during June, August, and September of 2003. She denies that she was insubordinate, but admits to inappropriate behavior in certain statements she made and in making an obscene gesture to Reynolds. The second incident of alleged retaliation occurred in February, 2004, after she complained about her working environment and requested she be allowed to relocate to a different office. Dobson was informed that she did not have the authority to relocate her workstation without approval from her supervisor. She then did move to a different office without approval, and her supervisor refused to approve payment for the time that she was not at her workstation. She filed a grievance regarding the loss of salary and was eventually paid for the hours she had worked at the unauthorized station, but she was not paid interest on the amount. Finally, Dobson complains that her job duties were diminished in November, 2004. The Department admits that her duties were reassigned, but asserts that the changes were due to a restructuring within the Department and that her salary, benefits, and job classification remained the same.

The Department filed a motion for summary judgment which the district court granted . Specifically, the district court held that the disciplinary memorandum did not constitute an adverse employment action against Dobson. Even if it were, the compelling fact was that Dobson had admitted to committing several acts of grossly inappropriate behavior for which she was cited in the memorandum. She was disciplined for the misconduct, not in retaliation for her lawsuit. The fact that she was engaged in protected activity for pursuing a discrimination claim did not insulate her

misconduct from the Department's review or strip the Department of authority to take corrective action to maintain order in the workplace. With respect to the Department's refusal to authorize payment for the time Dobson relocated her workstation without permission, she was later paid for the time in dispute with the exception of interest. The district court ruled that she had failed to establish a causal link between the Department's action and her discrimination lawsuit. Rather, the Department acted because of Dobson's defiant misconduct.

Finally, the district court rejected her reassignment of job duties claim, concluding that a loss of status and prestige is not an adverse employment action where the employee's salary, benefits, responsibilities, and title remain the same, and even if it was an adverse employment action, she has produced no evidence that her assignment was motivated with intent to retaliate against her. The reassignment occurred over a year after the conclusion of trial, which undercuts any inference of a causal link between the earlier lawsuit and reassignment. Because Dobson did not meet her burden in establishing a prima facie case, the district court denied her request for permission to amend her complaint by adding three Department employees as defendants, ruling that the amendment would be futile.

We have carefully considered the arguments made by Dobson in her brief filed in this case, and conclude that they are without merit, and no error of law appears.

We affirm the judgment of the district court.  See 8th Cir. R. 47B.

_____